# LYSANDER HORD

V.

# THE VILLAGE OF MONTGOMERY.

*Municipal Corporations—Acceptance of Street—Mill-Race—Bridge—Covenant Running with the Land.*

1. Where a municipal corporation accepts a street burdened with a mill-race over which there is a bridge, it assumes the duty of keeping the bridge in repair.

2. In the case presented, the evidence does not show a covenant running with the land, requiring the owners of the mill to keep the bridge in repair.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER, for appellant.

Mr. CHARLES WHEATON, for appellee.

WELCH, P. J. This was an action of assumpsit brought by the appellee against the appellant and Lucas Broadhead. The declaration contains only the common counts—plea of general issue filed by appellant, Broadhead not being served with process, and stipulation that all defenses may be put in thereunder as fully and completely as if specially pleaded. Jury waived and issues submitted to the court. The court found the issues for the appellee and gave judgment, from which judgment this appeal is taken. Various errors are assigned. The appellant and one Lucas Broadhead are the owners of the mill, mill-dam and certain real estate in the Village of Montgomery. One of the streets of the village, Mill Street, crosses the race leading from the dam to appellant's mill. Across this race is a bridge in the center of the street. This race bridge was originally built by Vine E. Watkins and the Greys

—they, or some of them, at that time being the owners of the mill property. This bridge was kept in repair by the Greys until they sold the property to Alexander in 1863. And from that time it was kept in repair a portion of the time by Alexander, but almost entirely by subscription until 1885, when the repairs by appellee, for which this suit is brought, were made. Appellant and Broadhead became the owners of a portion of this mill property in 1878, and the balance in 1880. Counsel for appellant maintains that there is no liability resting upon appellant, under the proof in this record, to maintain the race bridge. In 1852 or 1853, Daniel Grey, who was at that time the owner of the mill property and also the owner of the property where the Village of Montgomery is situated, dug the race across which this bridge is now located. He also laid out and platted the Village of Montgomery in October, 1853. The plat describes Mill Street as crossing this race. When he platted the Village of Montgomery, the village had not been incorporated and was not incorporated until February, 1858. In 1858 Vine Watkins, Ralph and D. W. Grey, who were then the owners of the mill property, made an arrangement, as stated by Watkins, with the Road Commissioners to build a bridge across the race and maintain the same as long as they were the owners of the property, upon the condition that the town would build a bridge across the race at that point, being a short distance north of the mill. The town built the bridge, as per agreement, and they built the bridge across the race. This agreement was not reduced to writing. When the property was sold to Alexander in 1863, Watkins told William & Charles Waller, who were the agents of Alexander and who looked after the property, "that the race bridge belonged to the property; that it was built by Grey and Watkins, and that we made an arrangement with the Road Commissioners that on condition they build the main bridge where it was, we were to build the race bridge and keep it in repair, and had always done so." There is some evidence tending to show that appellant was in the employ of Alexander in 1876 or 1877, and that he knew of some repairs having been made by Alexander on the race bridge; appel-

lant denies all knowledge of any payments made by Alexander, but states that he knows of his refusal so to do. He denies all knowledge of any arrangement or agreement as to the repairs of the bridge. The deeds to appellant and Broadhead show that the same is bounded on the north as to the mill property, by Mill Street, and on the south, as to the other of his property, including dam, sash factory, etc., by Mill Street. It is conceded by counsel for appellee that the fee to the streets of the Village of Montgomery, as platted by Grey, remained in abeyance and did not vest until the village was incorporated. This being conceded, the village, in accepting the street, took it in the condition it was, burdened with the race crossing it, and the village, by accepting it, also assumed the duty of putting and keeping it in repair. There is no question that the village accepted the street. Work is shown to have been done upon it by the village. This is not like the case of President and Trustees of West Bend v. Mann, 59 Wis. 60. There the owner of the land over which the highway passed, cut a race-way across the road. It was held it was his duty to bridge it over and at the same time it was the duty of the village to keep it bridged for the safety of the public In that case the race was cut through a highway already established; in case at bar, the race was there prior to any street, and when the street was platted it showed the existence of the race, and when accepted by the village the race was still there.

Counsel for appellee insist, that, under the agreement by Watkins, etc., with the Road Commissioners, appellant is liable. In the view we take of the evidence under the law, there was no such an agreement, even if known by the appellant, as would create a liability on his part to keep the bridge in repair, and the evidence fails to show knowledge upon his part of any agreement. There was nothing of record to apprise him that the property was burdened with a covenant to maintain the race bridge in question. His deeds show that his property only extends to Mill Street. He knew that the bridge had often been repaired by subscription prior to his purchase. In view of what we have said, the court erred in

refusing the 8th proposition of law, as requested by coun-
sel for appellant; 8th: "the court holds, as a matter of law,
that under the proofs in this case, there is no covenant run-
ning with the land, or obligation resting upon defendant
to keep in repair the race bridge in question." This propo-
sition should have been allowed, and judgment entered for
the appellant. There are various other errors assigned, but
we do not deem it necessary to refer to them. For the error
herein indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*